**Kapildip SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 04–74325, 04–76598.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan M. Kaufman, Esq., Kaufman Law Office, San Francisco, CA, for Petitioner.

OIL, Emily Anne Radford, Esquire, Joan Stentiford Ulmer, Esquire, Paul Fiorino, Esq., United States Department of Justice, Washington, DC, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Kapildip Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture

** This disposition is not appropriate for publication and is not precedent except as provid-

("CAT") (No. 04–74325), and of the BIA's order denying his motion to reopen (No. 04–76598). Our jurisdiction is governed by 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003), and the denial of a motion to reopen for an abuse of discretion, *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We deny in part and dismiss in part the petition for review in No. 04–74325, and we deny the petition for review in No. 04–76598.

■ Singh conceded he did not suffer past persecution. The record does not compel the conclusion that Singh's fear of future persecution is reasonable. *See Cuadras v. INS,* 910 F.2d 567, 571 (9th Cir.1990). The evidence in the record does not establish that Singh's father was killed by Indian police on account of his political opinion, or that there was a pattern of persecution closely tied to Singh. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991). Accordingly, Singh's asylum claim fails.

Because Singh has not established eligibility for asylum, his withholding of removal claim is necessarily foreclosed. *See Malhi,* 336 F.3d at 993.

■ Substantial evidence also supports the IJ's denial of CAT protection because Singh has not established that it is more likely than not that he will be tortured. *See id.*

■ We lack jurisdiction to review Singh's contention that the IJ improperly declined to admit Singh's father's death certificate into the record for evidentiary purposes because he failed to raise this to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

ed by 9th Cir. R. 36–3.

■ Singh's due process contention related to the incomplete nature of the hearing transcripts fails because he has not demonstrated that the transcript of the additional hearing would have any potential effect on the outcome of the petitions for review. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge). Accordingly we deny Singh's Motion to Augment the Record and Vacate the Briefing Schedule as moot.

The BIA did not abuse its discretion in denying the motion to reopen because Singh failed to submit clear and convincing evidence indicating a strong likelihood that his marriage is bona fide. *See Malhi,* 336 F.3d at 994.

No. 04–74325: PETITION FOR REVIEW DENIED in part; DISMISSED in part.

No. 04–76598: PETITION FOR REVIEW DENIED.